State v. Erwin

STATE OF NORTH CAROLINA v. CHARLES H. ERWIN, VANCE A. CURLEY

No. 755SC11

(Filed 2 April 1975)

1. **Burglary and Unlawful Breakings § 5— break-in of pharmacy — sufficiency of evidence**

    Evidence was sufficient to be submitted to the jury in a prosecution for breaking and entering where it tended to show that defendants and their companions broke into a pharmacy, all ran when an alarm went off in the store, the officers apprehended one defendant at the crime scene, later officers found gloves and a hatchet on a road near the pharmacy, officers observed a car in the vicinity traveling very slowly with its lights off, they stopped the car and apprehended the other defendant who was a passenger therein.

2. **Criminal Law § 42— powder from clothing of break-in suspect — admissibility**

    In a prosecution for breaking and entering a drugstore where the evidence tended to show that a hole was made in the roof of the building and one defendant fell through the ceiling, the trial court did not err in allowing evidence that a powdery substance taken from one defendant's clothing at the time of his arrest was similar to the masonry and insulation powder found near the hole in the pharmacy roof.

APPEAL by defendants from *Cowper, Judge.* Judgments entered 15 August 1974 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 14 March 1975.

Defendants were charged in separate bills of indictment with feloniously breaking and entering a building occupied by Henricksen's Pharmacy, Inc., at Castle Hayne, N. C., with the intent to commit larceny. They pled not guilty and were tried together. A jury found them guilty as charged, and from judgments imposing prison sentences of 10 years each, to begin at expiration of certain other sentences being served, they appealed.

*Attorney General Edmisten, by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Guy A. Hamlin, for the State.*

*Jay D. Hockenbury for defendant appellant Charles Erwin.*

*Roy C. Bain for defendant appellant Vance Curley.*

BRITT, Judge.

### DEFENDANT ERWIN'S APPEAL

[1]　Defendant Erwin assigns as error the denial by the trial court of his motions for a directed verdict of not guilty and to set the verdict aside for insufficiency of the evidence. Evidence presented by the State, viewed in the light most favorable to it, tended to show:

Around 10:45 p.m. on 14 September 1973, Deputy Sheriffs Banker and Smith received a call to go to the Cape Fear Shopping Center on Castle Hayne Road. Traveling in a patrol car with lights off, they drove to the rear of the shopping center and heard an alarm go off at Henricksen's Pharmacy. They then saw a man jump from the roof onto a landing at the rear of the pharmacy. The officers pursued the man for some 75 yards and caught him, the culprit being defendant Curley. Officer Banker went upon the roof of the pharmacy where he found a sizeable hole; he went down through the hole and found that a large section of a false ceiling had fallen and was scattered on the pharmacy floor. A little later, on a dirt road near the pharmacy, the officers found two brown gloves and a green hatchet.

Two other police officers were called to the area and observed a car in the vicinity traveling very slowly with its lights off. They stopped the car for investigation and found that it was occupied by Annie Marie Gaffney, Nathanial Liles, and defendant Erwin. Gaffney was driving the car and defendant Erwin was riding on the right front seat.

Nathanial Liles, as a witness for the State, testified in pertinent part as follows: At the time of trial he was 17 and a resident of Charlotte. On the day preceding the break-in, he, Gaffney and defendants got together in Charlotte and decided to go to Beaufort to see Gaffney's aunt and "to steal something too". They spent the night in Beaufort and then went to Wilmington and to the shopping center in question. During the late afternoon or early evening, defendant Curley visited a supermarket and Henricksen's Pharmacy after which he told his three companions that the drug store "carried a whole bunch of money . . . and he believed he could get into the safe". Defendant Curley then went to a hardware store and another store where he bought a sledgehammer and three pairs of gloves; the

State v. Erwin

other three helped pay for the hammer and gloves. Several hours later they all went to the shopping center. Gaffney stayed with the car, Liles at first served as a lookout at the front, defendant Erwin stationed himself near a trash can at or near the back of the pharmacy, and defendant Curley proceeded onto the roof where he made a hole with various tools. Liles left his lookout position and carried the sledgehammer to defendant Curley on the roof. Liles and defendant Erwin were wearing gloves. In climbing through the hole, defendant Curley fell through the ceiling, after which an alarm went off. Liles and defendant Erwin then ran to the car where Gaffney was waiting; Liles threw his gloves into some bushes, and defendant Erwin threw his down on the path.

Neither of defendants offered evidence.

We hold that the evidence was sufficient to survive the motions, and the assignment of error is overruled.

Defendant Erwin also assigns as error the failure of the court properly to instruct the jury on aiding and abetting. We have carefully reviewed the charge and conclude that it was sufficient; therefore, the assignment of error is overruled.

### DEFENDANT CURLEY'S APPEAL

[2]   Defendant Curley's sole assignment of error is that the court erred in denying his motion to suppress certain evidence. When apprehended, defendant Curley had a white powdery substance on his clothing and in his hair. After he was arrested and carried to the police station, defendant Curley's clothing was swept with a vacuum, and the powdery substance was kept for analysis. The State presented expert testimony tending to show that the powdery substance found on defendant's clothing was similar to the masonry and insulation powder found near the hole in the pharmacy roof. Defendant contends that the evidence obtained from his clothing without a search warrant resulted from an illegal search and seizure and that his motion to suppress that evidence should have been sustained. We find no merit in this contention.

In *United States v. Edwards,* 415 U.S. 800, 39 L.Ed. 2d 771, 94 S.Ct. 1234 (1974), the Court held that incident to a lawful arrest, clothing of a suspect may be seized upon his arrival at the place of detention and later subjected to laboratory analysis

and the test results are admissible at the trial. The assignment of error is overruled.

We hold that defendants received a fair trial and the judgments imposed were within the limits prescribed by statute.

No error.

Judges MORRIS and ARNOLD concur.